CENTRAL AGUIRRE SUGAR CO. ET AL., Appellants, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 839. Argued April 10, 1931.—Decided April 17, 1931.

*M. Marcos Morales* for appellant González. *Tous Soto & Zapater* for appellant Central Aguirre Sugar Co. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the Court.

There was recorded in the Registry of Property of Guayama in favor of appellant José González Hernández the purchase made by him of a piece of property at a foreclosure sale; and as the purchase price paid only covered the foreclosed mortgage credit, the court which heard the proceedings directed the registrar to cancel all liens that were subsequent to the one foreclosed. The registrar complied with this order, except as to a mention of a mortgage securing a promissory note for $12,000 payable to bearer by indorsement. Thereupon the court made another order directing the registrar to cancel said mention for $12,000, as there was not involved any right recorded subsequent to the right of the foreclosing creditor but simply a mention, with no showing as to the person, or his domicile, in whose favor the obligation had been executed; and because the advertisement of the auction operated as a notice to any person holding an unrecorded lien upon the said property. Upon presentation of this order to the registrar, he refused to cancel the said mention because it did not appear from the advertisement of the auction exhibited to him that the holder or bearer of the obligation for $12,000, to which the mention refers, had been specially notified of the nature and effect of the proceedings. The present administrative appeal has been taken from that order.

From the foregoing it may be seen that the mortgage securing the promissory note for $12,000 had not been recorded but only mentioned, and that while the court says in its order of cancellation that the advertisement of the auction operated as a notice to any person that might hold an unrecorded lien, the registrar is of the opinion that the said advertisement was not a notice to the holder of the $12,000 note. In other words, the registrar encroaches upon the

province of the court and holds that the ground on which the court based its order of cancellation is erroneous; this without any right to do so, because, as we have repeatedly said, in construing section 18 of the Mortgage Law, although registrars have the power to pass upon any judicial document presented to them, they have no authority to pass upon the grounds of judicial decisions, and should be limited to ascertaining whether these have been rendered with the required jurisdiction and in the proper proceeding, since the Mortgage Law does not vest registrars with reviewing powers over judges. *Rivera* v. *Registrar of Property,* 14 P.R.R. 249; *Fernández* v. *Registrar of Property,* 17 P.R.R. 1021; *Solá* v. *Registrar,* 39 P.R.R. 449, and other cases.

The respondent registrar admits that he has no authority to inquire into the grounds of judicial decisions or into their intrinsic justice or injustice, but he argues that such is not the question involved in the instant case but whether the procedure followed has been in strict accordance with the law and whether the court had jurisdiction to decree such cancellation. However, that is not the question here, as the court having declared that the holder of the $12,000 note had notice of the auction by virtue of the advertisement published therefor, the registrar can not inquire into the correctness or error of such conclusion of the court, since that would amount to challenging as erroneous and unfair that ground of the order of cancellation.

The cancellation of the said mention must be ordered.

Mr. Justice Wolf took no part in the decision of this case.